[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO COMPEL
Plaintiff Evelyn Hecht objects to providing certain discovery to defendant City of Milford which the latter seeks in aid of its defense of plaintiff's claim for damages allegedly resulting from a fall on one of defendant's sidewalks. Specifically, the plaintiff objects to producing the following: CT Page 3458
 1) the statement of eyewitness Irene Mikeyev — for the reasons that a) the defendant has deposed this witness and there is no substantial need for the statement; 2) the statements, photographs and/or diagrams obtained by Investigative Consultant Michael Guerra — for the reasons that a) the information is privileged as work-product and as information obtained in anticipation of litigation, and b) since the defendant has control of the sidewalk, and the defendant can conduct its own investigation there is no substantial need for the information; and 3) the report prepared by professional engineer John Fitzgerald — for the reasons that a) this report of plaintiff's disclosed expert is a work-product prepared in anticipation of litigation, and b) since plaintiff has complied with the requirements of Conn. Practice Bk. section 220(a)(1), no further discovery in this regard is warranted.
1. EYEWITNESS STATEMENT
The plaintiff shall forthwith provide the defendant with a copy of the eyewitness statement of Irene Mikeyev. A statement of an eyewitness is a particular fresh account of a person's perception which oft-times cannot be duplicated from a later memory. See Wilks v. Town of Ridgefield, 10 C.L.T. No. 8 at pp. 17 and 18 (1984).
 2. STATEMENTS, PHOTOGRAPHS AND DIAGRAMS OF INVESTIGATIVE CONSULTANT MICHAEL GUERRA
Concerning plaintiff's claim that the statements, photographs and diagrams of Investigative Consultant Michael Guerra are privileged as information obtained in anticipation of litigation, "[t]he mere fact that a party has a report prepared because he anticipates future litigation is insufficient to clothe the report with the attorney-client privilege." Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95 (1967). The plaintiff also claims that this information is privileged as work-product.
 "Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation." (Citation omitted). The attorney's work must have formed an essential step in the procurement of the data which the opponent CT Page 3459 seeks, and the attorney must have performed duties normally attended to by attorneys.
Id. at 95.
Although work-product characterization may not immunize the requested information, (Stanley Works, supra), a ruling on this part of the discovery controversy should await argument at short calendar on the work-product claim.
3. REPORT PREPARED BY ENGINEER JOHN FITZGERALD
Plaintiff cites compliance with Conn. Practice Bk. section 220(A)(1) as one of the bases for opposing the production of the report of John Fitzgerald, her expert witness. In accordance with this rule plaintiff represents that she has disclosed John Fitzgerald as an expert and that she has disclosed ". . . the subject matter on which the expert is expected to testify. . ., state[d] the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion." Since the defendant has not argued to the Court any reason to expand discovery, plaintiff's objection in this regard is sustained.
Clarance J. Jones Judge